COLÓN, APPELLANT, *v.* REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Denying Admission to Record of a Dominion Title Judgment.

No. 289.—Decided February 8, 1917.

DOMINION TITLE—RECORD OF TITLE—BOUNDARIES OF PROPERTY—PRESCRIPTION—PRIOR RECORD—JUDGMENT.—It is proper to refuse to record in the registry of property a judgment establishing the ownership of a certain property which, to judge from some of its boundaries, may be presumed to form part of a larger property recorded in the name of a deceased person when the judgment does not show the fact that it was conveyed by the supposed predecessor in interest to the former owners named in the judgment, nor that the appellant had acquired it by prescription adverse to the heirs or successors in interest of the deceased, nor that the court had knowledge of such record in the name of a third person.

ID.—ID.—REASONABLE DOUBT.—A registrar should refuse to record a title, not only when he knows that the right sought to be recorded is already recorded in the name of a person distinct from the one who executed the conveyance, but also when he has a reasonable doubt as to that fact.

The facts are stated in the opinion.

*Mr. José Tous Soto* for the appellant.

The respondent appeared *pro se.*

MR. JUSTICE HUTCHISON delivered the opinion of the court.

In 1881 Isabel Rivera y Vega, widow of Mateo Bonilla, and Juan José Bonilla y Rivera, a son of these two, solemnly set forth and acknowledged in a public instrument that the deceased husband and father, more than twelve years prior to that date, sold to Luciano Miranda for the sum of $300

duly received, but without executing a formal deed, one hundred *cuerdas* of land in the District of Barros, *barrio* Bauta Abajo, bounded on the date first above mentioned, on the east by Juan Burgos; on the west by Ricardo Cansobre and María Matías Crespo, and on the north and south by the Succession of the said Mateo Bonilla, which land Bonilla had acquired by concession from the Government. The same instrument recites an agreement that Miranda, at his own expense, would survey the land of which he was in possession, returning to the widow and son any surplus over and above the one hundred *cuerdas*.

In 1882 Luciano Miranda y Ortiz sold the same land to Cándido Figueroa y Figueroa under the following description: One hundred *cuerdas*—that is to say, 39 hectares, 30 ares, 40 centares—bounded on the east by Juana Burgos; on the west by Ricardo Cansobre and Miguel Criado, and on the north and south by the Succession of Mateo Bonilla.

In 1888 Cándido Figueroa sold the same property to Juan Rivera y Rivera, describing it as bounded on the east by José María Colón, owner of lands formerly belonging to Juan Burgos; on the west by Ricardo Cansobre and Miguel Criado, and on the north and south by the Succession of Mateo Bonilla.

In 1894 Juan Rivera y Rivera sold to Manuel Colón y Rodríguez, describing the property as bounded on the east by José María Colón; on the west by Ricardo Cansobre; on the north by José Ramón Meléndez, owner of lands formerly belonging to Miguel Criado and Cecilia Rivera, and on the south by Manuel Colón, owner of lands formerly belonging to the Succession of Mateo Bonilla.

On June 16, 1916, appellant presented for record in the Registry of Caguas, together with the deeds above mentioned, a decree of the District Court of Ponce, Porto Rico, dated April 23, 1912, and amended February 11, 1916, declaring him to be the owner of a property described as follows:

"RURAL, situate in the *barrio* of Bauta Abajo of the muincipal district of Barros, containing 142.05 *cuerdas,* equivalent to 55 hectares, 83 ares and 13 centares, bounded on the north by the Succession of José María Colón and Ramón Meléndez; on the east by the Succession of José María Colón; on the west by Ricardo and Juana Josefa Cansobre, and on the south by Baltazar Blanco and Antonio Pasacqua." .

The decree recites that from the evidence adduced it satisfactorily appears that the property described, free from encumbrances and of a value of $2,000, was acquired by the petitioner, who, together with the former owners, has been in the peaceable, undisturbed and uninterrupted possession thereof for the respective periods mentioned, as follows:

"Five *cuerdas* by purchase from Alejandro Colón, who acquired by purchase from Francisco Muñoz in July, 1904, who purchased from Ricardo Cansobre, who inherited from his parents, Ricardo Cansobre and Josefa Rivera, more than 30 years since;

"Three *cuerdas* by purchase from Juana Josefa Cansobre in 1906, who inherited from her parents, Ricardo Cansobre and Josefa Rivera, more than 30 years since;

"Twenty *cuerdas* by purchase from Severiano Arroyo in 1899, who bought from Julián Ortiz Meléndez in the same year, who purchased from Isabel Rivera, widow of Mateo Bonilla, on April 6, 1895;

"Five *cuerdas* purchased from Pedro Ortiz in 1899, who bought from his father, Julián Ortiz, in 1898, who bought from Doña Isabel Rivera, widow of Bonilla, more than 30 years ago;

"Three *cuerdas* purchased from Tomás Cano Crespo on December 7, 1894, who bought from Tomasa Crespo more than 25 years since; and

"One hundred and four and five one-hundredths *cuerdas* bought from Juan Rivera 26 years since, who bought from Cándido Figueroa;

"Two *cuerdas* purchased from Dámaso García on December 26, 1896, who bought from Isabel Rivera, widow of Bonilla, more than sixteen years ago."

The endorsement of the registrar reads as follows:

"The foregoing instrument is recorded after examining other documents, as to the 11 *cuerdas* purchased from Alejandro Colón, Juana Josefa Cansobre and Tomás Cano Crespo, at folio 105, vol-

ume 23 of Barros, property No. 1359, first entry; and its record is denied with respect to the remaining 131.05 *cuerdas,* inasmuch as the same appear recorded in favor of Mateo Bonilla, at folio 163, volume 11 of Barros, property No. 547, first and only entry, by a concession made to him by the Government through the Superior Board for the Allotment of Uncultivated Lands, of the possession of a property situated in the Ward of Bauta Abajo, of the jurisdiction of Barros, composed of three hundred *cuerdas,* having among others, the following boundaries: On the north by Ramón Meléndez and Manuel Colón; on the south by the Succession of José María Colón, and on the west by Ricardo Cansobre, which are the same boundaries as those of the property 'whose dominion title has been proved. From this it is presumed with abundant reason that the 131.05 *cuerdas* sold by Isabel Rivera Vega, widow of Bonilla. may be included in the said three hundred *cuerdas;* and although she and her son admit that the sale of the one hundred of those *cuerdas* of land was made by their predecessor in interest, Mateo Bonilla, yet it has not been shown that they are his heirs, and much less that they are his only heirs; and further, it having been declared that Mateo Bonilla sold the property in the year 1869 to Luciano Miranda, without showing the civil status of the vendee, the latter, in selling the land in the year 1882 to Cándido Figueroa, states that he is a widower, and there being no showing as to his status when he purchased the property, it is impossible to judge of his capacity; and a cautionary notice has been entered instead for the period of 120 days as to the 131.05 *cuerdas,* in said volume 23, at folio 105. Caguas, June 28, 1916. Emigdio S. Ginorio, Registrar.''

We think the registrar is correct in his conclusion that the 131.05 *cuerdas,* record of which was refused, are probably included in the 300 *cuerdas* of record in the name of Mateo Bonilla. It does not appear that the district court had before it either the entry in the name of Mateo Bonilla or the documentary evidence of title above mentioned. On the contrary, the decree itself recites that petitioner is without documentary evidence of dominion title, and contains no express finding on the question of prescription as against the heirs of Mateo Bonilla. Indeed, none of the points raised by the registrar seems to have been in the mind of the district judge. In the circumstances, we also agree with the registrar

in his answer to the contention of appellant as to title by prescription; to wit, that this is a matter for the court and not for the registrar to determine.

"We are of the opinion that the registrar should deny the record not only when he is fully certain that the right sought to be recorded has already been recorded in the name of a person other than the one who makes the transfer, but also when he has a reasonable and well-founded doubt thereon. (See article 20 of the Mortgage Law, the case of *Morales* v. *The Registrar of San Juan*, 15 P. R. Rep., 680, decided November 19, 1909, and the cases therein cited.)" *Díaz* v. *The Registrar of Property*, 16 P. R. R. 261.

In *Porto Rican Leaf Tobacco Co.* v. *The Registrar of Property*, 17 P. R. R. 215, this court, speaking through Mr. Chief Justice Hernández, said:

"Since the possession of the property, the record of whose ownership is sought by The Porto Rican Leaf Tobacco Company, appears recorded in the registry in favor of Francisco Sellés López, and as the cancellation of said record has not been directed by a final order, nor is there any authentic deed or instrument wherein Sellés López or his successors have given their consent to said cancellation, the record must continue to subsist in full force and effect; and this being the case, the ownership thereof cannot be recorded in favor of The Porto Rican Leaf Tobacco Company. In support of the foregoing doctrine we may cite the decision of this court, rendered June 27, 1902, in the appeal of *Emigdio S. Ginorio* v. *The Registrar of Property of San Juan*.

"Nor can it be maintained that in the proceedings to establish ownership Francisco Sellés López has given his consent to the cancellation of the record of possession above mentioned, because it does not appear that he was served with notice, as declared by the appellant, although in the certified copy of the order of the court it is stated that the former owners were cited, who may very well have been the predecessors of The Porto Rican Leaf Tobacco Company in the ownership of the property and not Francisco Sellés López, who, in the decision appealed from, is presumed to be deceased."

The ruling appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.